IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS KOGER,** as Next Friend of B.K., a minor<br><br>**Plaintiff,**<br><br>vs.<br><br>**INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC,** d/b/a SkyZone Trampoline Park,<br><br>**Defendant.** | Case No. 3:25-CV-1637-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

On July 7, 2025, Plaintiff Marcus Koger, as Next Friend of his son B.K., filed suit in the Circuit Court of St. Clair County, Illinois, against Innovative Heights Fairview Heights, LLC (Doc. 1-2). Plaintiff alleged that B.K was injured at the Sky Zone Trampoline Park in Fairview Heights, Illinois on December 30, 2024, which was owned, operated, leased, and/or managed by Innovative Heights (Doc. 1-2, para. 3, 4, 6).

An entity named Grim Raven, LLC, voluntarily entered the case and removed it to federal court on August 25, 2025 (Doc. 1). That same day, Grim Raven filed an answer admitting that it operated SkyZone on the date in question and was mistakenly named in the Complaint as Innovative Heights (Doc. 3; *see also* Doc. 1). Innovative Heights contemporaneously filed a motion asking to be dismissed from this lawsuit because it was not affiliated with SkyZone at the time of B.K.'s injury or at present (Doc. 4). Plaintiff did not file a response to Innovative Heights' motion to dismiss.

The Court notes that Innovative Heights, in making its motion to dismiss, included and relied on a document outside of the complaint (Doc. 5-1). Consideration of this document, however, is not necessary to decide whether Innovative Heights should be dismissed from this action.[1] Plaintiff does not dispute that Innovative Heights is not the proper Defendant in this action and has not voiced any objection to the dismissal of Innovative Heights. Furthermore, Grim Raven has admitted to being the proper Defendant and to being properly served and is actively litigating the lawsuit.

Accordingly, the Motion to Dismiss (Doc. 4) is **GRANTED**. Innovative Heights Fairview Heights, LLC is **DISMISSED without prejudice** as a Defendant in this case. Plaintiff shall file an Amended Complaint on or before November 13, 2025, that conforms with the dismissal of Innovative Heights and Grim Raven's admissions.

IT IS SO ORDERED.

DATED: November 4, 2025

s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**

---

[1] *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. . . . If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56.") (citations omitted); *But see Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998) (explaining that when documents outside of the complaint are attached to a motion to dismiss, the court can choose to exclude the documents from consideration in order to handle the motion under Rule 12 rather than converting it to a motion under Rule 56).